UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENRIQUE RAMIREZ,<br><br>     Plaintiff,<br><br>          v.<br><br>B. FLEMING, et al.,<br><br>     Defendants. | No. 2:14-cv-1937 KJM CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. 28 U.S.C. § 636(c).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

   In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

   The court has screened plaintiff's complaint and finds that it states claims upon which relief could be granted in the following respects:

   1. Claim for violation of the Due Process Clause of the Fourteenth Amendment against defendants Fleming, W. Harrison, McDonald and Davie based upon plaintiff's allegations that they threatened to tell and did tell other inmates that plaintiff is an informant as detailed in paragraphs 23 and 26-27 of plaintiff's complaint.

   2. Claim for violation of the Eighth Amendment against defendant Fleming for failing to provide plaintiff with basic necessities like food and clothing as detailed in paragraph 28 of his complaint.

   In all other respects plaintiff's complaint fails to state a claim upon which relief can be granted.  Of note, plaintiff appears to take issue with the fact that he has been validated as a gang member and, therefore, was subjected to more onerous conditions of confinement.  The court

notes that the Constitution requires that plaintiff receive certain process before being placed in segregated housing for an indefinite period of time based upon membership in a prison gang. See Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). Plaintiff had to receive notice of the factual basis for consideration of placement in segregated housing, a fair opportunity for rebuttal, and a short statement of reasons for placement. Id. at 226.[1] The facts alleged in plaintiff complaint do not suggest plaintiff did not receive the process due under the Constitution.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendants Fleming, W. Harrison, McDonald and Davie.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed July 26, 2013.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Five copies of the endorsed complaint filed July 26, 2013.

4. Plaintiff need not attempt service upon any defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

/////

---

[1] In 2013, and without making any mention of the Supreme Court's decision in Wilkinson, the Ninth Circuit found that the "some evidence" evidentiary standard is applicable in gang validation proceedings. Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013). The court cited its own decision in Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), which had been decided two years before Wilkinson. Assuming the "some evidence" standard applies here, plaintiff's complaint demonstrates there was at least some evidence of plaintiff's membership in a prison gang. See Complt. ¶¶ 33-40. Plaintiff challenges the validity of the evidence, but it is not for this court to "independently assess witness credibility or reweigh the evidence" when determining whether gang validation was supported by "some evidence." Bruce, 351 F.3d at 1287.

1        IT IS HEREBY RECOMMENDED that defendants St. Andre, Peddicord, Chapman,

2  Marquez and J. Harrison be dismissed from this action.[2]

3        These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, plaintiff may file written objections

6  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

7  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

8  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

9  (9th Cir. 1991).

10  Dated:  October 27, 2014

11  _____
    CAROLYN K. DELANEY
12  UNITED STATES MAGISTRATE JUDGE

---

[1] rami1937.1

[2] Throughout the body of his complaint, plaintiff uses the term "defendant" when referencing several persons.  However, he specifically identifies the persons he is suing in this action on pages 2-3 of his complaint.

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENRIQUE RAMIREZ,<br><br>           Plaintiff,<br><br>      v.<br><br>B. FLEMING, et al.,<br><br>           Defendants. | No. 2:14-cv-1937 KJM CKD P<br><br>NOTICE OF SUBMISSION OF <u>DOCUMENTS</u> |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____

                              Complaint

DATED:

                                                  _____
                                                  Plaintiff