UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENRIQUE RAMIREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>B. FLEMMING, et al.,<br><br>  Defendants. | No. 2:14-cv-1937 KJM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 28, 2014, the court screened plaintiff's complaint as required under 28 U.S.C. § 1915(a) and found service of process appropriate for defendants Fleming, Harrison, McDonald and Davie for a claim arising under the Due Process Clause of the Fourteenth Amendment and a claim arising under the Eighth Amendment against defendant Fleming. Defendants have filed a motion to dismiss the Fourteenth Amendment claim for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

/////

---

[1] Plaintiff attaches affidavits from other inmates to his opposition to defendants' motion to dismiss. These affidavits are not considered since, in deciding whether a motion to dismiss for failure to state a claim should be granted, the court can only consider the pleadings, documents incorporated into the pleadings by reference and documents which are judicially noticed. U.S. v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff alleges that beginning on or about January 13, 2009, various correctional officers began to seek information from plaintiff relating to an incident occurring at Calipatria State Prison on that day. Plaintiff indicated he did not know anything about the incident so he "refused" to provide any information. On January 22, 2009, plaintiff was informed by an officer that if he did not provide information about the incident he would be transferred "way up north" away from his family and friends. Plaintiff again refused to provide information and was transferred to High Desert State Prison (High Desert) on June 17, 2009.

When plaintiff arrived at High Desert, he was interviewed and asked why he would not provide information regarding the January 13, 2009 incident at Calipatria. Again, plaintiff indicated he had no information to provide. One of the officers then told plaintiff "good luck" in a threatening manner.

In October 2009, plaintiff was called to a counselor's office where plaintiff spoke to a correctional officer from Calipatria on the telephone. The officer asked plaintiff if he was ready to cooperate to make it easy on himself so that he could visit with his children again. Again, plaintiff indicated he had no information to provide. When plaintiff was escorted back to his cell, his correctional officer escort said "you should've went with it Ramirez."

1  Shortly after this, defendants Fleming and Harrison "badgered plaintiff with threats that if
2  plaintiff didn't comply with defendants' orders to cooperate, they'd label plaintiff an informant
3  and tell the general population plaintiff was snitching." Plaintiff pleaded with Fleming and
4  Harrison not to label him a "snitch" since, according to plaintiff, such accusations could result in
5  plaintiff being hurt or possibly killed.
6  On November 2, 2009, defendant Fleming asked plaintiff a number of questions regarding
7  things plaintiff knew nothing about. Fleming became angry with plaintiff's responses and made
8  statements to plaintiff implying that plaintiff's life would be in danger.
9  On November 13, 2009, defendant Fleming placed a note on plaintiff's cell door and then
10 quickly removed it so plaintiff was not able to see its content. Fleming then said: "See. I tried to
11 tell you, now it's going to get ugly for you." This implied that Fleming did inform other inmates
12 plaintiff is a "snitch" and that plaintiff's life would be in danger. As Fleming walked away he
13 said: "Just let me know when you're ready to talk again" loudly enough for other inmates to hear.
14 On June 18, 2010 Davie informed plaintiff in the presence of other inmates that plaintiff
15 was going to be moved to protective custody because of "special needs." Plaintiff responded that
16 he did not have "special needs" so he should not be transferred into protective custody. Davie
17 then said: "Yes, you are now. I'm sending you there with them." Plaintiff was then escorted to
18 administrative segregation by defendants Davie and McDonald. Along the way, Davie and
19 McDonald informed all correctional officers loudly enough for inmates to hear that plaintiff was
20 "P.C." now.
21 Plaintiff alleges that while plaintiff was in administrative segregation and when plaintiff
22 visited the exercise yard, other inmates would assault plaintiff by throwing feces and urine at
23 plaintiff. Inmates would also spit on plaintiff. Correctional officers would stay away from the
24 area on the exercise yard where plaintiff was.
25 After reviewing plaintiff's complaint, and the briefs submitted by the parties with respect
26 to defendants' motion to dismiss, the court finds that any claim stated by plaintiff based upon the
27 allegations identified above would arise, if at all, under the Eighth Amendment and not the Due
28 Process Clause of the Fourteenth Amendment. Essentially, plaintiff alleges defendants caused

plaintiff to be housed under conditions of confinement subjecting plaintiff to a substantial risk of serious physical harm.  Under the Eighth Amendment, prison officials are required to protect inmates from such risks.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Furthermore, as the Supreme Court recognizes in <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998) "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing . . . claims." (Internal quotation marks and citations omitted.)

Defendants essentially assert plaintiff's complaint fails to state a claim upon which relief can be granted because he fails to allege more than *de minimis* injury as a result of defendants' conduct.  Construing plaintiff's complaint liberally, as the court must, <u>see</u> e.g. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (per curiam), the court finds plaintiff asserts that other inmates threw feces and urine at plaintiff and spat at him as the result of defendants labeling plaintiff a "snitch."  This being the case, plaintiff alleges more than *de minimis* injury.[2]

For these reasons, the court will recommend that defendants' motion to dismiss be denied, and defendants be ordered to file their answer with respect to plaintiff's claims arising under the Eighth Amendment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 19) be denied; and

2. Defendants be ordered to file their answer with respect to plaintiff's remaining Eighth Amendment claims within 14 days of any order adopting these findings and recommendations.

/////

---

[2] Defendants suggest plaintiff's claim is barred by 42 U.S.C. § 1997e(e) because he fails to allege a physical injury such as pain.  To the extent defendants wish to argue that other inmates throwing bodily fluids at plaintiff and spitting on him does not amount to a "physical injury" under 42 U.S.C. § 1997e(e) (an argument not specifically presented in their motion to dismiss) defendants may do so in a motion for summary judgment.  In any case, the Ninth Circuit has held that 42 U.S.C. § 1997e(e) limits the availability of damages if a "physical injury" is not alleged, but does not preclude claims themselves, or nominal or punitive damages.  <u>Oliver v. Keller</u>, 289 F.3d 623, 629-30 (9th Cir. 2002).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rami1937.57